**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH ALLAN DAVIS, | ) | CASE NO: 5:26CV784 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| TROOPER MATTHEW POREMBA., et al., | ) | |
| | ) | **(Resolves Docs. 8, 9, 17. 23, and 25)** |
| Defendants. | ) | |

Pending before the Court are motions to dismiss filed by Defendants Mattthew Poremba and Aaron White (Docs. 8 and 17), Defendant Jackson Township (Docs. 9 and 23), and Defendant City of Canton (Doc. 25). In addition, Plaintiff Joseph Davis has moved to voluntarily dismiss Defendant Reed's Towing and Hauling, Inc. Doc. 10. Finally, Davis has moved to amend his complaint. Doc. 11. The motions are GRANTED. Davis's proposed amended complaint is deemed filed, and this matter is DISMISSED in its entirety.

## I. FACTS

In his amended complaint, Davis alleges a pattern of what he contends is harassing and unlawful behavior by Defendants. Davis contends that when he appealed a criminal conviction, he was stopped by the Ohio State Highway Patrol for a traffic violation. During that stop, a canine search was performed. Davis appears to assert that he was later stopped in April 2025, roughly another month later. In May 2025, Davis asserts that he filed a formal complaint with a federal oversight agency regarding the use of highway funds and "shortly after" was stopped again and issued a warning.

Davis's complaint continues by alleging that his private vehicle was towed in June 2025 and that in July 2025 he was again stopped and given a ticket for a minor traffic violation. At that time, his vehicle was searched and a firearm was recovered. Based upon that discovery, Davis was arrested, and his vehicle was towed.

Davis next asserts a warrant was issued for his arrest and that his arrest occurred shortly after he filed motions challenging his ongoing criminal proceedings. Davis was jailed and remained there while his criminal proceedings moved forward.

Based upon these assertions, Davis brought claims for constructive trust, trespass to chattels, replevin, retaliation pursuant to 42 U.S.C. § 1983, procedural due process, unreasonable search and seizures, abuse of process, municipal liability, and excessive bail. Defendants have each moved to dismiss the claims against them. Davis has opposed dismissal, and Defendants have replied in support of their motions. The Court now resolves the parties' arguments.

## II. LEGAL STANDARD

The Supreme Court and the Sixth Circuit have stated the standard for reviewing a motion to dismiss in several cases. The Supreme Court has stated "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Sixth Circuit has clarified that a court may not grant a Rule (12)(b)(6) motion to dismiss merely because it may not believe the plaintiff's factual allegations. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, the plaintiff must still plead more than bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The

Supreme Court further clarified the standard by explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, the Court said, "even though a complaint need not contain 'detailed' factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

## III. LAW AND ANALYSIS

Each of Davis's federal claims are founded in 42 U.S.C. § 1983 – each premised upon some allegation of rights that were deprived by officers or other governmental entities. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Heyne v. Metro. Nashville Pub. Sch., 655 F.3d 556, 564 (6th Cir. 2011) (citation omitted). Furthermore, Davis "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right[.]" *Greer v. City of Highland Park, Mich.*, 884 F.3d 310, 315 (6th Cir. 2018) (emphasis in original).

Each defendant asserts that Davis has failed to identify any action that he attributes to any particular defendant. Upon review, the Court agrees. For example, in his claim titled Unreasonable Search and Seizure, Davis alleges that "Defendants conducted warrantless searches in March and July 2025." Doc. 11-1 at 12. However, he fails to identify which Defendant engaged in searches and on what occasions these defendants took those actions. Davis similarly alleges collective action in *all* of his federal claims. At no point in his factual allegations or within his causes of action does Davis even attempt to attribute any action to a particular defendant.

Moreover, in his claims against two different municipalities, Davis does not differentiate between the two defendants or tie any particular factual allegation to either defendant. Accordingly, despite amending his complaint, Davis's operative complaint falls well short of stating a federal claim against any of the defendants. Accordingly, the motion to dismiss is GRANTED with respect to the federal claims. The Court declines to exercise supplemental jurisdiction over the state law claims, so they are dismissed without prejudice.

The Court notes that within his opposition, Davis claims to have the ability to cure his pleading defects. Given the Sixth Circuit's instructions to allow for amendment, when possible, Davis is granted leave to seek leave to amend a second time. However, Davis is cautioned that he must seek leave within 14 days of this opinion, and he must include a proposed amended complaint for the Court to consider. Moreover, Defendants will be free to oppose any such motion should they find it appropriate.

## IV. CONCLUSION

The motions to dismiss filed by Defendants (Docs. 8, 9, 17, 23, and 25) are GRANTED. Davis's motion to dismiss Defendant Reed's Towing (Doc. 10) is GRANTED. Consistent with the above, this matter is hereby DISMISSED.

**IT IS SO ORDERED.**

DATE: September 25, 2026

/s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT